UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RALSTON E. SAMUELS,                :
                                   :
      Plaintiff,                   :
                                   :           PRISONER
v.                                 :           NO. 3:06-CV-1743(RNC)
                                   :
DANIEL MARTIN, ET AL.,             :
                                   :
      Defendants.                  :

## SECTION 1915A RULING AND ORDER

Plaintiff, incarcerated and pro se, has filed a complaint under 42 U.S.C. § 1983 alleging violation of his federal rights by state employees.

Under 28 U.S.C. § 1915A, the Court must review prisoner complaints against governmental actors "as soon as practicable after docketing," and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id.

On May 17, 2007, the Court held a conference with plaintiff to aid in its review of the complaint under section 1915A. See Spears v. McCotter, 766 F.2d 179, 180-81 (5th Cir. 1985) (authorizing hearings in prisoner civil cases to clarify the factual and legal bases for the prisoner's claims). Plaintiff having clarified the bases for his complaint at the conference, the Court now issues the following ruling and order:

## FACTS AS ALLEGED

1. While playing soccer on August 27, 2005, plaintiff stepped in a hole in the recreation yard, fell and fractured his leg. The hole was not visible to him because it was covered by grass.

2. Despite plaintiff's complaints of severe pain and inability to walk, Captain Baker failed and refused to summon medical assistance. Instead, he required the plaintiff to walk from the recreation yard to the medical unit.

3. Nurses Waters, Husband and Scott failed to conduct a proper examination of plaintiff's leg, failed to provide him with crutches, and refused to place on "feedback," which would have enabled him to receive meals in his cell.

4. Plaintiff was unable to walk to the cafeteria.

5. As a result of Nurses Waters, Husband and Scott's refusal to order feedback and plaintiff's inability to walk to the cafeteria, plaintiff did not eat for nearly three days.

6. Plaintiff explained his need for medical attention to Lieutenants Mollin and Cuggy, shift supervisors.

7. Mollin and Cuggy failed and refused to call for medical assistance and told plaintiff they could do nothing to assist him.

8. On August 30, 2007, a correctional officer helped plaintiff walk to the medical department.

9. Plaintiff was seen by a nurse and scheduled for an x-ray and examination.
10. The x-ray revealed a fracture.
11. Plaintiff was taken to the University of Connecticut Health Center for treatment.

## SECTION 1915A ANALYSIS

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a pro se complaint adequately pleads a claim if the plaintiff's factual allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to raise the strongest arguments they suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotation marks omitted).

Plaintiff's allegations are sufficient to state a claim for deliberate indifference to serious medical needs against defendants Martin, Baker, Mollin, Cuggy, Waters, Husband and Scott. Crediting his allegations, Baker required plaintiff to walk back to the medical unit from the recreation yard, despite plaintiff's complaints of severe pain, instead of calling for medical assistance, which he easily could have done. Nurses Waters,

3

Husband and Scott failed to credit plaintiff's complaints of severe pain, although they could see that his leg was swollen. Mollin and Cuggy failed to call for medical assistance for no good reason.

Plaintiff's allegations are also sufficient to state an Eighth Amendment claim for deprivation of food against defendants Martin, Baker, Mollin, Cuggy, Waters, Husband and Scott.[1]

## APPOINTMENT OF COUNSEL

Plaintiff requested appointment of counsel during the videoconference. The Court will attempt to appoint counsel to represent him in this case.

## CONCLUSION

Pursuant to its review under 28 U.S.C. § 1915A, the Court concludes that plaintiff's complaint adequately pleads the following claims under 42 U.S.C. § 1983:deliberate indifference to serious medical needs in violation of the Eighth Amendment against Warden Martin, Captain Baker, Lieutenants Mollin and Cuggy, and Nurses Waters, Husband and Scott; and deprivation of food in violation of the Eighth Amendment against Warden Martin, Captain Baker, Lieutenants Mollin and Cuggy, and Nurses Waters, Husband and Scott.

---

[1] Plaintiff contends that Warden Martin failed to provide him with a safe environment because of the hole in the playing field. As discussed during the screening conference, however, the mere fact that the hole existed is insufficient to support a claim against the Warden.

ORDERS

In accordance with the foregoing, the Court enters the following orders:

(1) This case will proceed solely on the claims and against the defendants listed above. No other claim or defendant will be included in the case, except on a motion to amend filed in compliance with Federal Rule of Civil Procedure 15.

(2) The Pro Se Office will make arrangements for in-person service by the U.S. Marshals Service on defendants Martin, Baker, Waters, Husband, Scott, and Mollin in their individual capacities. Because these defendants failed to execute the waiver of service requests already mailed to them, they will have to pay the costs of personal service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Pro Se Office will send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4) The Pro Se Office will send written notice to plaintiff of the status of this action along with a copy of this Order.

(5) Defendants will file an answer within 60 days of receiving service of process. The answer will admit or deny the allegations relevant to the cognizable claims recited above and may also include any additional defenses permitted by the Federal Rules.

So ordered.

Dated at Hartford, Connecticut this 25th day of May 2007.

                                        /s/
                            Robert N. Chatigny
                     United States District Judge